IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

RONALD HOPKINS,

        Defendant.
_____/

CR. NO. S-05-0538 EJG

<u>ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS</u>

    This matter was before the court on March 28, 2008, for a hearing on defendant's motion to suppress evidence.  Assistant U.S. Attorney Kenneth Melikian appeared on behalf of the government.  Assistant Federal Defender Rachelle Barbour appeared on behalf of defendant.  After hearing the testimony of witnesses and the arguments of counsel, and after reviewing the record and the applicable law, and for the reasons set forth in court and on the record, the motion was orally denied.  The court writes now to set forth the basis for its oral ruling.

1

## Discussion

Two issues are raised by defendant's motion.  First, whether the search of defendant's residence was a valid warrantless search based on the consent of defendant's wife who also lived at the residence.  Second, whether the search of defendant's residence was a valid warrantless search because of defendant's status as a parolee-at-large at the time of the search.  The court heard testimony about and decided the motion solely upon the basis of defendant's status as a parolee.

Based on the testimony of Parole Agents Ruelas-Zuniga and Bell, the court finds that defendant was a parolee-at-large on November 28, 2005, having absconded from parole supervision as early as September of 2002.  On the date of the search in question, defendant was seen by parole agent Ruelas-Zuniga, who was accompanied by two other parole agents, outside the residence at 8896 Mokelumne Avenue, apartment 91, in Thornton, California. Defendant was seen entering and exiting the residence, as well as raking the yard outside the residence.  As he left the residence and walked towards the parole agents, he was arrested and taken into custody.  A few minutes later defendant's wife exited the residence and contacted the parole agents.  She identified herself as defendant's wife and stated that defendant had been living in that residence for about three years.  She gave the officers permission to search her home.  She also gave the parole agents a key to a locked shed in the backyard.  There, officers

2

seized guns, ammunition and other items, which are the subjects of the present motion to suppress.

    A California parolee, as a condition of that parole, is subject to a search of his person or residence at any time, even if the searching officer has no suspicion that the parolee is involved in any criminal activity.  See Samson v. California, 126 S.Ct. 2193 (2006).  Although the searching officers subjectively relied on consent for the search, their state of mind is irrelevant.  The validity of the search is governed by an objective standard.  Whether or not the parole agents believed they could search defendant's residence pursuant to the terms of defendant's parole, is irrelevant.  Viewed objectively, defendant was on California parole, he was a parolee at large at the time of the search, and the parole agents had learned, prior to the search, that defendant lived and had been living in the residence searched for over three years.  The search of defendant's residence was proper, as measured by fourth amendment standards.  Accordingly, the motion to suppress is DENIED.  This resolution makes it unnecessary to reach the issue of consent.

    IT IS SO ORDERED.

Dated: May 13, 2008

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

3